UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL AUGUSTINE                               CIVIL ACTION

VERSUS                                          NO. 08-3725

BURL CAIN, WARDEN                               SECTION "M"(4)

## TRANSFER ORDER

Petitioner, MICHAEL AUGUSTINE, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1985 state court conviction and sentence for armed robbery. To support his challenge, petitioner asserts that the prosecution withheld impeachment evidence under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), in the form of a police report that reveals no knife was reported by the victim or any witness in their initial statement given to the police immediately after the robbery.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Michael Augustine v. Larry Smith, Warden</u>, Civil Action 90-0588 "M"(4). In that petition, petitioner asserted that there was insufficient evidence at trial to convict him. That petition was denied with prejudice on the merits by Judgment entered July 9, 1990. Petitioner appealed to the United States Fifth Circuit Court of

Appeals, No. 90-3546. The Fifth Circuit denied his application for a certificate of probable cause on November 29, 1990.

Petitioner subsequently filed another petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Michael Augustine v. State of Louisiana</u>, Civil Action 00-1789 "M"(4). In that petition, petitioner asserted that the reasonable doubt jury charge used at his trial was unconstitutional under the holding of <u>Cage v. Louisiana</u>, 498 U.S. 39 (1990). This Court determined that the petition was a second or successive petition as described by 28 U.S.C. § 2244 and transferred it to the court of appeals for authorization to file. C.A. No. 00-1789, Rec. Doc. No. 3. The United States Fifth Circuit Court of Appeals denied petitioner authorization. <u>See</u> Rec. Doc. No. 5.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1)  the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate

court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that MICHAEL AUGUSTINE's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this ___30th___ day of _____June_____, 2008.

_____
UNITED STATES DISTRICT JUDGE